# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| HUNG THE PHAM, | : | MOTION TO VACATE |
| BOP No. 57636-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-3679-JEC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:05-CR-543-15-JEC-ECS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Hung The Pham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. No. 1551], the government's Response [Doc. No. 1567], and Pham's Traverse [Doc. No. 1572]. For the following reasons, the undersigned recommends that Pham's § 2255 motion be denied and that no certificate of appealability be issued.

In 2008, Pham entered into a negotiated plea agreement. See [Doc. No. 1191-1]. During the plea colloquy, Pham acknowledged: (1) his ability to speak English and understand the proceedings without a translator; (2) his completion of high school and six months of college in the United States; (3) his opportunity to review and discuss the plea agreement fully with counsel; (4) his understanding that his sentence would be ultimately determined by the Court; (5) his understanding that he could not withdraw his plea if he was dissatisfied with his sentence; (6) his actual guilt

of the two counts to which he was pleading; and (7) his understanding that one of those counts carried a mandatory minimum term of imprisonment of ten years. [Doc. No. 1560 at 6-8, 11-14]. In addition, after the elements of each count were detailed and the Government proffered the evidence it would have presented at trial, Pham acknowledged that he understood each count and conceded that the Government could prove his guilt at trial. [Id. at 14-18, 21-27].

One of the terms of Pham's plea agreement was a limited waiver of appeal. That waiver provided:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of sentence.

[Doc. No. 1191-1 at 8]. In a separately-signed summary page appended to the plea agreement, Pham further acknowledged:

> I understand the charges and the elements of each charge that the Government would have to prove to convict me at trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or

AO 72A
(Rev.8/82)

> challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding.

[Id. at 10]. During the plea colloquy, the terms and scope of the waiver of Pham's right to appeal or collaterally attack his conviction and sentence were <u>twice</u> detailed and Pham <u>twice</u> acknowledged that he understood them. [Doc. No. 1560 at 10-11, 19-20].

In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." <u>United States v. Bushert</u>, 997 F.2d 1343, 1345 (11th Cir. 1993); <u>see also</u> <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver." <u>Bushert</u>, 997 F.2d at 1351. Those requirements are more than met in this case.

In one of the five grounds for relief asserted in his § 2255 motion, however, Pham now contends that "[t]he plea agreement was not knowing or voluntary." [Doc. No. 1551 at 11]. While it is true that an appeal waiver does not preclude a post-conviction claim that the plea agreement itself was not entered into knowingly

3

and voluntarily, see, e.g., Patel v. United States, 252 F. App'x 970, 974-75 (11th Cir. 2007), that claim is unfounded in this case. Although Pham contends that he "did not understand the written agreement," "was never advised as to the elements of the crimes to which [he] pled," "was never informed [of] the specific facts to which the laws were applied, that resulted in [his] guilt," and was "assured . . . the sentence would be three or four years" [Doc. No. 1551 at 11], each of those contentions is plainly contradicted by Pham's own earlier answers under oath during the plea proceedings. [Doc. No. 1560 passim].

"There is a strong presumption that statements made during the plea colloquy are true." Patel, 252 F. App'x at 975 (citing United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)). "Consequently, a defendant bears a heavy burden to show that his statements under oath were false." Id. (citing United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Where a defendant's later "allegations are in direct conflict with his statements during the plea colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony," then "self-serving statements [that] appear to be a last minute attempt to escape the preclusive effect of the appeal waiver" are not required to be credited. Id. Pham has offered nothing more than "self-serving statements." Pham's waiver of his right to appeal or collaterally

4

AO 72A
(Rev.8/82)

to attack his conviction and sentence is enforceable and should be enforced in this case.

The undersigned **RECOMMENDS** that Pham's § 2255 motion be **DISMISSED** on that basis, without a hearing. See Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (holding "mere conclusory allegations" in a § 2255 petitioner's affidavit do not entitle him to an evidentiary hearing) (citing cases).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court

5

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Pham has not demonstrated that he is entitled to federal habeas relief, that enforcement of the appeal waiver is incorrect, or that both issues are reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED,** this 25th day of September, 2012.

*s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)