# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HUNG THE PHAM, | : |
| Movant, | : |
| | : CRIMINAL ACTION NO. |
| | : 1:05-CR-0543-15-RWS |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

On March 31, 2014, an Order [1716] was entered approving and adopting the Magistrate Judge's Report and Recommendation [1660] that Movant's Section 2255 Motion [1551] be dismissed. Movant was also denied a Certificate of Appealability. Movant filed a Motion to Alter or Amend the Court's Judgment [1722] which was denied by an Order [1731] entered August 21, 2014.

Movant also filed a Motion to Recover Property [1612] which was granted in part and denied in part by an Order [1732] entered August 26, 2014. On September 15, 2014, Movant filed a Notice of Appeal [1734] of the Court's

Order regarding the Motion for Return of Property. On October 6, 2014, Movant filed a Notice of Appeal [1740] of the Order denying his Section 2255 Motion and the Order denying his Motion to Alter or Amend the Court's Judgment. Movant has filed Motions for Leave to Appeal *in Forma Pauperis* [1743 and 1745] for each of his appeals.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and

>>(C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v.

3

Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Movant's notice of intent to appeal the denial of return of property fails to state the basis for the appeal. However, the Court has reviewed the original motion and the Court's Order and finds no arguable claim that can be made by Movant on appeal. Therefore, the Court **CERTIFIES** that any appeal from the Court's August 26, 2014 Order [1732] is not taken in good faith. In Movant's Notice of Appeal of the denial of his Section 2255 Motion and his Motion to Reconsider that decision, Movant sets out three grounds of appeal. However, the issues raised therein were fully addressed in the Orders being appealed, and the undersigned finds that Movant fails to make an arguable claim. Further, Movant was denied a Certificate of Appealability as to these issues. Therefore, the Court **CERTIFIES** that any appeal from the Court's March 31, 2014 Order [1716] and August 21, 2014 Order [1731] is not taken is good faith.

Based on the foregoing, Movant's Motions for Leave to Appeal *In Forma Pauperis* [1743 and 1745] are **DENIED**.

4

**SO ORDERED** this  29th  day of October, 2014.


_____
**RICHARD W. STORY**
United States District Judge